Tagged Opinion



**ORDERED in the Southern District of Florida on November 20, 2009.**

_____
**John K. Olson, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

Douglas **Elbaum**,

    Debtor.
_____/

Michael **Johnston**,

    Plaintiff,

-v-

Douglas **Elbaum**,

    Defendant.
_____/

Case No. 09-11775-JKO

Chapter 7

Adv. No. 09-1475-JKO

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 19]**

Plaintiff Michael Johnston Motion for Summary Judgment [DE 19] on September 29, 2009 seeking a determination that a state court judgment debt for defamation against the Defendant/Debtor, Douglas Elbaum, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## Factual and Procedural History

On November 6, 2007, the Plaintiff filed a complaint in Broward County Circuit Court against the Defendant/Debtor for one count of defamation [DE 12, Ex. A] (Broward County Circuit Court Case No. 07-29767 (21) (the "State Court Case")).  The Plaintiff asserted that the Defendant/Debtor intentionally reported unfounded and false allegations to the Plaintiff's employer (the Broward County Sherriff's Office ) that Johnston was improperly using Sheriff's Office equipment to investigate the Defendant/Debtor personally, to investigate his bank accounts, and to illegally record conversations with the Defendant/Debtor's ex-wife [DE 12, Ex. A].  Default judgment was entered against the Defendant/Debtor on January 20, 2008.[1]

On January 31, 2009, the Defendant/Debtor filed a voluntary petition for Chapter 7 relief and listed Plaintiff Johnston as a creditor due to the state court default judgment [DE 1].  This adversary proceeding seeks to except the Plaintiff's defamation claim from bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(6).  The issues are: (i) whether the doctrine of collateral estoppel

---

[1] After default judgment was entered, the trial court offered Defendant Elbaum two separate hearings on April 29, 2008 and June 19, 2008 to present evidence of due diligence in seeking relief subsequent to learning of the default. (Trial Ct. Order Granting Pl.'s Exceptions to General Magistrate's Report).  On August 25, 2008, General Magistrate Barbara A. McCarthy offered a report recommending that the trial court vacate the default judgment entered against Debtor Elbaum. (General Magistrate's Report).  However, on October 27, 2008, Circuit Judge Cheryl Aleman granted Plaintiff Johnston's Exceptions to the Magistrate's Report stating, "…Defendant's counsel is unable to show on April 29, 2008, or on the second hearing on June 19, 2008, **any evidence** of due diligence in Defendant's counsel's delay between February 21, 2008, (when retained by Defendant) and March 13, 2008, when the Motion to Set Aside Default was filed by Defendant's counsel." (Trial Ct. Order Granting Pl.'s Exceptions to General Magistrate's Report). Defendant's Motion for Reconsideration was denied on November 12, 2008.  (Trial Ct. Order Denying Def.'s Mot. for Reconsideration).

bars relitigation of the defamation claim against the Defendant/Debtor; and (ii) whether the default judgment for defamation is dischargeable under § 523(a)(6).

## Collateral Estoppel

Collateral estoppel principles apply in dischargeability proceedings, *Grogan v. Garner,* 498 U.S. 279, 285 n.11 (1991), and the doctrine of collateral estoppel bars relitigation of issues decided in prior judicial proceedings. *Bush v. Balfour Beatty Bah., Ltd.*, 62 F.3d 1319, 1322 (11th Cir. 1995).  If the prior judgment was entered in state court, a federal court must apply the collateral estoppel law of the state in which the judgment was entered.  *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675-76 (11th Cir. 1993).  I must therefore apply Florida's collateral estoppel standards to this case.

Florida law provides that, for a judgment to have preclusive effect in a subsequent proceeding: (i) the parties and issues must be identical; and (ii) the matter must have been fully litigated in a court of competent jurisdiction. *Dep't of Health and Rehabilitative Services v. B.J.M.,* 656 So.2d 906, 910 (Fla. 1995).  Additionally, the standard of proof in the prior action must have been at least as stringent as the standard of proof in the subsequent action. *In re St. Laurent,* 991 F.2d at 676.

Regarding the first element, the Plaintiff and Defendant/Debtor are the identical to the named parties in the State Court Case.  To determine whether the issues in the previous and subsequent actions are identical (where the previous action resulted in a default judgment), two items must be analyzed: (a) the elements of the cause of action in the subsequent proceeding; and (b) the facts alleged in the previous state court complaint. *Lasky v. Itzler* (*In re Itzler*), 247 B.R.

546, 550 (Bankr. S.D. Fla. 2000); *Thompson v. Durrance (In re Durrance)*, 84 B.R. 238, 239 (Bankr. M.D. Fla. 1988).

In *In re Itzler,* a default judgment had been entered in the previous action. *Itzler*, 247 B.R. at 550.  The bankruptcy court held that identical issues existed where the elements of Section 523(a)(2)(A) (the basis for the cause of action in the subsequent proceeding) matched the facts alleged in the state court complaint from the previous action. *Id.*  The Bankruptcy Court for the Middle District of Florida also provided insight to this analytical approach in *In re Durrance*, 84 B.R. at 239.  There, the court determined that the elements of § 523(a)(6) and the facts plead in the state court complaint did not match where the state court complaint alleged that defamatory statements were made **either** "with knowledge … **or** reckless disregard for the truth." *Id.* (emphasis added).  The court held that pleading reckless disregard in the alternative negated a finding of identical issues. *Id.*

Here, regarding the elements of the subsequent action, § 523(a)(6) provides that an individual debtor is not discharged of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  For the purposes of this section, an injury is "willful" if the injury was intended or substantially certain to result. *Hope v. Walker* (*In re Walker*), 48 F.3d 1161, 1165 (11th Cir. 1995).  Moreover, "[m]alice is an essential element of the tort of defamation." *In re Nofziger*, 361 B.R. 236, 245 (Bankr. M.D. Fla. 2006).

Plaintiff Johnston's **only** allegation in the State Court Complaint is that Defendant Elbaum intentionally reported unfounded, false allegations to Plaintiff Johnston's employer [DE 12, Ex. A].  Plaintiff Johnston did not plead reckless disregard in the alternative.  The facts alleged in the State Court Complaint therefore match the elements of § 523(a)(6), and the identical issues requirement is met.

Regarding the second element (that the matter must have been fully litigated in a court of competent jurisdiction), pure default judgments are sufficient to meet the fully litigated requirement under Florida's collateral estoppel law. *Hernandez v. Nunez* (*In re Nunez*), 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008); *In re Itzler*, 247 B.R. at 547.  Thus, the default judgment entered in the state court is sufficient for a finding that the matter has been fully litigated.

Finally, the standard of proof in the State Court Case was as stringent as the standard of proof in this matter because the "evidentiary burden for Florida defamation actions and the standard of proof for the purposes of § 523(a)(6) are identical." *Budner v. Weiner* (*In re Weiner*), No. 08-01189, 2009 WL 3126272, at *4 (Bankr. S.D. Fla. Sept. 23, 2009) (quoting *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42, 43 (11th Cir. 1991)).  Defendant Elbaum is therefore estopped from relitigating the issue of defamation here.

**Summary Judgment and Dischargeability**

Pursuant to FED. R. CIV. P. 56, incorporated into these proceedings by FED. R. BANKR. P. 7056, summary judgment is appropriate if there are no genuine issue as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56 (c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323.  An issue of fact is material if it is a legal element of the claim under the applicable substantive law which could affect the outcome of the case. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  When considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *HCA Health Services of Ga., Inc., v. Employers Health Ins. Co.,* 240 F.3d 982, 991 (11th Cir. 2001).

For § 523(a) nondischargeability actions, the burden of proof is on the party objecting to discharge and must be carried by a preponderance of the evidence. *In re Grogan,* 498 U.S., at 279 (1991). "A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as 'evidence of nondischargeability.'" *Thomas v. Loveless* (*In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008).

Here, where the default judgment and underlying State Court Complaint have satisfied the prongs of collateral estoppel, there are no genuine issues of fact in dispute and the issue of dischargeability may be decided as a matter of law.  Intentional defamation meets the requirements of nondischargeability under § 523(a)(6) because malice is an essential element of defamation under Florida law and intentional defamation meets the "willful" requirement of § 523(a)(6). *In re Walker*, 48 F.3d at 1165; *In re Nofziger*, 361 B.R. at 245.

I therefore find that there are no genuine issues of material fact in dispute.  The Plaintiff is entitled to judgment as a matter of law that the default judgment for defamation is nondischargeable under § 523(a)(6)). It is therefore **ORDERED** that:

1. The Plaintiff Motion for Summary Judgment [DE 19] is **GRANTED**.
2. The default judgment in Broward County Circuit Court Case No. 07-29767 (21) is a nondischargeable debt for willful and malicious injury under 11 U.S.C. § 523(a)(6).
3. The Automatic Stay is hereby lifted as to Broward County Case No. 07-29767 (21) for purposes of adjudicating the amount of damages.

###

**Copies to:**

David L Rich
*Attorney for Plaintiff*
513 N St Rd 7
Margate, FL 33063
954-972-1800

Douglas R Elbaum
8109 NW 93 Terr
Tamarac, FL 33321
954-325-3775

Attorney Rich is directed to serve copies of this Order upon all interested parties not listed above and file a certificate of service.